IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZSUZY SANFORD, and STEPHANIE JO TOBIN, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CREATIVE HAIRDRESSERS, INC. d/b/a, HAIR CUTTERY, and RATNER COMPANIES, LLC <br><br> Defendants. | Civil Action No. _____ <br><br><br> **JURY DEMANDED** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

### I. INTRODUCTION

1. Plaintiffs Zsuzy Sanford and Stephanie Jo Tobin bring this action on behalf of individuals who have worked as hair stylists in salons owned and operated by Defendants Creative Hairdressers, Inc. d/b/a Hair Cuttery and Ratner Companies, LLC ("Defendants"), challenging Defendants' unlawful practice of failing to pay employees for all hours worked, and failing to pay hair stylists minimum wage or overtime. As discussed below, Plaintiffs, and other hair stylists who have worked for Defendants, have been required to report to work prior to their scheduled shifts and stay after their shifts have ended without being compensated for that time. Defendants have also required Plaintiffs and other hair stylists to attend mandatory meetings for which they are not compensated. In addition, Defendants' hair stylists have been required to go on

1

"bank deposit runs," for which they are not compensated. Due to Defendants' failure to pay Plaintiffs and other hair stylists for such "off-the-clock" work, Plaintiffs and other hair stylists have not been paid for all hours worked, they have not always received minimum wage for their time, and they have been deprived of overtime for hours worked beyond 40 per week.

2.      Plaintiffs bring this action against Defendants pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other hair stylists who have worked for Defendants any time from January 2015 through the date of final judgment, who may choose to opt in to this action, for failure to pay hair stylists minimum wage and overtime for all hours worked beyond 40 per week, in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiffs Sanford and Tobin's opt-in consent forms are attached here as Exhibits A and B, respectively.

3.      Plaintiffs also bring this action against Defendants pursuant to Fed. R. Civ. P. 23 (and/or Mass. Gen. L. c. 149 § 150, c. 151 § 1B) on behalf of themselves and all other hair stylists who worked for Defendants in Massachusetts any time from January 2015 through the date of final judgment for failure to pay hair stylists for all of their time (in violation of Mass. Gen. L. c. 149 § 148), failure to pay minimum wage (in violation of Mass. Gen. L. c. 151, §§ 1, 7), and overtime for all hours worked beyond 40 per week (in violation of Mass. Gen. L. c. 151 §§ 1A and 1B).

## II. JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.     This Court has supplemental jurisdiction over Plaintiffs' Massachusetts law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in the United States District Court for the District of Massachusetts under 28 U.S.C. § 1391(b)-(c) because acts or omissions giving rise to claims in this Complaint took place in this judicial district.

### III. THE PARTIES

7.     Plaintiff Zsuzsy Sanford is an adult resident of Massachusetts. Plaintiff Sanford has worked for Defendants as a hair stylist in its Mansfield, Norwood, and Stoughton, Massachusetts, salons from approximately April 2015 to the present.

8.     Plaintiff Stephanie Jo Tobin is an adult resident of Massachusetts. Plaintiff Tobin worked for Defendants as a hair stylist in its Norwood, Massachusetts salon from approximately September 2016 to July 2017.

9.     Defendant Creative Hairdressers, Inc. d/b/a Hair Cuttery is a national hair salon chain, with locations in Massachusetts and throughout the country. It is a Virginia corporation with its principal corporate office located in Virginia. Creative Hairdressers, Inc. operates as a subsidiary of Ratner Companies, L.C.

10.    Defendant Ratner Companies, L.C. is a Virginia corporation with its principal corporate office located in Virginia. Ratner Companies, L.C. owns and operates Defendant Creative Hairdressers, Inc. d/b/a Hair Cuttery.

### IV. STATEMENT OF FACTS

11.    Defendants operate hundreds of Hair Cuttery salons across the country, approximately 30 of which are in Massachusetts. Hair Cuttery utilizes a common job

description for "Hair Stylist," which states that individuals employed in this position will offer a wide range of services that includes "cuts, styles, highlights, color, permanent weaves, relaxers and up dos."

12. Defendants pay hair stylists an hourly rate that varies based upon experience level. Once hair stylists have gained additional experience, they are paid an hourly rate plus commissions.

13. However, throughout its hair salons, Defendants enforce policies and practices that consistently require hair stylists to work off-the-clock without compensation, including the following:

> a) Hair stylists are expected to arrive at work at least 15 minutes before the start of their shift but are not allowed to punch in more than 15 minutes before their scheduled start time. Hair stylists are also expected to clock out when their shift ends and to remain on the job to clean up and complete any additional work necessary. They are not paid for this "off-the-clock" work.
>
> b) Hair stylists are required to attend staff meetings, held approximately once a month, but are not allowed to clock in for time spent in the meetings.
>
> c) Hair stylists are frequently required to make bank deposits at the end of their workday, but they are not compensated for time spent traveling between the salon and the bank to make the deposit. Hair stylists are required to first clock out at the end of the day, go to the

>    bank to make the deposit, and then return to the salon to give back the bank key.

14.    Thus, Defendants do not pay hair stylists for all the hours they work. Instead, hair stylists, including Plaintiffs, regularly work off-the-clock without compensation. Defendants' management discourages overtime, so hair stylists work off-the-clock rather than have their on-the-clock hours total more than forty hours per week.

15.    Based on the number of hours that they work, Defendants' hair stylists frequently do not receive minimum wage.

16.    Additionally, hair stylists, including Plaintiffs, routinely work more than forty hours per week, but are not paid time and a half for the hours they work in excess of forty each week.

17.    For example, Plaintiff Sanford has been a hair stylist for Defendants in Massachusetts since April 2015.  During that time, she has worked in Defendants' Mansfield, Norwood, and Stoughton locations.  When Ms. Sanford first began working as a hair stylist, she was paid $9 per hour.  In 2016, Defendants began paying Ms. Sanford a base hourly rate plus commission.

18.    While Ms. Sanford was being paid solely on an hourly basis, she was required to arrive at work 15 minutes early each day to set up her station, but was not paid for this time.  Ms. Sanford was also required to spend 15 minutes following her shift to clean up her station, but was not paid for this time either.  An average of three or more times per week (whenever she was on a closing shift), Ms. Sanford was also required to team up with another hair stylist to make a "bank run", where they would deposit the

cash from the day, and then return to the salon to return the deposit key. These bank deposit runs typically took an average of 45 minutes to one hour. Ms. Sanford was not paid at all for this time. In addition, once per month, Ms. Stanford was required to attend a mandatory staff meeting, which typically took place on Sunday mornings, an hour before the salon opened. These meetings typically lasted about one hour. Ms. Sanford was told by her manager, Maureen Lydon, not to clock in for these meetings.

19.     As a result of the requirements, Ms. Sanford was not paid for all of her hours worked. As a result of this "off the clock" work, Ms. Sanford was not paid minimum wage for the total amount of hours she worked per week. Also as a result of this "off the clock" work, Ms. Sanford was not paid overtime for all hours she worked beyond 40 per week.

## V. COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiffs bring this action against Defendants pursuant to 29 U.S.C. § 216(b), on behalf of themselves and other hair stylists who have worked for Defendants any time from January 2015 through the date of final judgment, who may choose to opt in to this action, for failure to pay hair stylists minimum wage and overtime for all hours worked beyond 40 per week, in violation of the federal Fair Labor Standards Act, 29 U.S.C. §209, *et seq.* ("FLSA").

21.     Plaintiffs and putative class members are similarly situated in that they share similar job duties and are all subject to Defendants' common practice in that they failed to receive minimum wage given the unpaid hours they must work, and failed to receive overtime for all hours worked beyond 40 per week.

## VI. MASSACHUSETTS CLASS ACTION ALLEGATIONS

22. Plaintiffs bring Massachusetts state law claims as a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure (and/or Mass. Gen. L. c. 149 § 150, c. 151 § 1B) for Defendants' violation of Massachusetts wage and overtime laws. Plaintiffs bring this count on behalf of themselves and all other hair stylists who worked for Defendants in Massachusetts any time from January 2015 through the date of final judgment.

23. The members of the Rule 23 class are readily ascertainable because the number and identity of the Massachusetts Rule 23 class members are determinable from Defendants' records.

24. The class members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

25. Plaintiffs' claims are typical of those claims which could be alleged by any class member, and the relief sought is typical of the relief which would be sought by each Massachusetts Rule 23 class member in separate actions. All the Massachusetts Rule 23 class members were subject to the same corporate policy of Defendants, as alleged herein, of failure to pay them for all hours worked, as well as failure to pay them minimum wage and overtime for all hours worked beyond 40 per week.

26. There are questions of law and fact common to the Massachusetts Rule 23 Class that predominate over any questions solely affecting individual members, including but not limited to:

      a)      whether Defendants unlawfully failed to compensate hair stylists for all their hours worked;

      b)      whether Defendants unlawfully failed to pay minimum wage to their hair stylists, given the unpaid hours they have worked;

      c)      whether Defendants unlawfully failed to pay hair stylists overtime compensation for all hours worked beyond 40 per week.

27.     Plaintiffs and other Rule 23 class members sustained similar losses, injuries, and damages resulting from Defendants' failure to pay for all hours worked and failure to pay overtime in compliance with Massachusetts law.  Plaintiffs and Rule 23 class members have all been injured in that they have not been paid minimum wage for unpaid hours they must work or overtime for hours worked over forty in one week, due to Defendants' common policy. These corporate-wide policies and practices affected all Rule 23 class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each of the Rule 23 class members.

28.     Plaintiffs are able to fairly and adequately protect the interests of the Massachusetts Rule 23 class members and have no interests antagonistic to Rule 23 class members. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

29.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a

lawsuit against corporate defendants, and are often hesitant to assert their rights out of fear of direct or indirect retaliation. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

### VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

30.     Pursuant to the state law requirements as set forth in Mass. Gen. L. c. 149, § 150, Plaintiffs filed statutory claims with the Office of the Attorney General and received a right to sue letter in order to proceed on these claims in court.

### COUNT ONE

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA

31.     Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

32.     Plaintiffs bring Count I pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other hair stylists who have worked for Defendants any time from January 2015 through the date of final judgment, who may choose to opt in to this action, for failure to pay hair stylists minimum wage, in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

33. The FLSA, 29 U.S.C. § 201, *et seq.*, requires that Defendants pay wages to Plaintiffs and those similarly situated at a rate no less than the federal minimum wage for all hours worked.

34. Defendants' conduct in failing to pay Plaintiffs and those similarly situated minimum wage is a willful violation the FLSA. 29 U.S.C. § 201, *et seq.*

35. As a result of these unlawful practices, Plaintiffs and others similarly situated suffered a loss of wages and are therefore entitled to recover unpaid minimum wage for up to three years prior to the filing of their claims, liquidated damages, prejudgment interest, and attorneys' fees and costs.

## COUNT TWO

## FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

36. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

37. Plaintiffs bring Count II pursuant to 29 U.S.C. § 216(b), on behalf of themselves and all other hair stylists who have worked for Defendants any time from January 2015 through the date of final judgment, who may choose to opt in to this action, for failure to pay hair stylists overtime for all hours worked beyond 40 per week, in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

38. The FLSA, 29 U.S.C. § 201, *et seq.*, requires that Defendants pay wages to Plaintiffs and those similarly situated at a rate no less than one-and-a-half times their regular rate of pay for all time worked in excess of forty hours per week.

39. Defendants' conduct in failing to pay Plaintiffs and those similarly situated overtime for hours worked beyond forty hours per week is a willful violation the FLSA. 29 U.S.C. § 201, *et seq.*

40. As a result of these unlawful practices, Plaintiffs and others similarly situated suffered a loss of wages and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages, prejudgment interest, and attorneys' fees and costs.

## COUNT THREE

### FAILURE TO PAY WAGES FOR ALL HOURS WORKED IN VIOLATION OF MASSACHUSETTS LAW

41. Plaintiffs re-alleges and incorporate by reference the above paragraphs as if fully set forth herein.

42. Plaintiffs bring Count III on behalf of themselves and all other hair stylists who worked for Defendants in Massachusetts any time from January 2015 through the date of final judgment.

43. The Massachusetts wage law requires an employer, such as Defendants, to timely pay employees the wages they earn for all hours worked. M.G.L. c. 149, § 148.

44. Defendants had a policy and practice of failing to compensate Plaintiffs and the Massachusetts Rule 23 Class for all hours worked, such as time worked setting up and cleaning up before and after scheduled shifts, mandatory staff trainings, and bank deposit runs.

45. Defendants' conduct, in not timely paying employees for all hours worked violates Mass. Gen. Law c. 149, § 148. This claim is brought pursuant to Mass. Gen. L. c. 149, § 150.

46. As a result of Defendant's unlawful practices, Plaintiffs and the Massachusetts Rule 23 Class are entitled to recover from Defendant their unpaid wages, treble damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

## COUNT FOUR

## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF MASSACHUSETTS LAW

47. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

48. Plaintiffs bring Count IV on behalf of themselves and all other hair stylists who worked for Defendants in Massachusetts any time from January 2015 through the date of final judgment.

49. The Massachusetts Minimum Wage Law requires employers, such as Defendants, to pay minimum wage to all employees for their time spent working. M.G.L. c. 151, §§ 1 and 7.  This claim is brought pursuant to M.G.L. c. 151, § 20.

50. Due to Defendants' policies which caused Plaintiffs and the Massachusetts Rule 23 Class to work "off the clock," Plaintiffs and these class members were not paid minimum wage for all of the time that they spent working.

51. Defendants had a policy and practice of paying Plaintiffs and Massachusetts Rule 23 Class members at an hourly rate equivalent to minimum wage, and requiring

them to work additional hours "off the clock," resulting in their failure to earn minimum wage.

52. Defendants' failure to pay wages earned and due to Plaintiffs and the Massachusetts Rule 23 Class, violates the Massachusetts Minimum Wage Law.

53. As a result of Defendants' unlawful practices, Plaintiffs and the Massachusetts Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, treble damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

## COUNT FIVE

## FAILURE TO PAY OVERTIME IN VIOLATION OF MASSACHUSETTS OVERTIME LAW

54. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully forth herein.

55. Plaintiffs bring Count V on behalf of themselves and all other hair stylists who worked for Defendants in Massachusetts any time from January 2015 through the date of final judgment.

56. The Massachusetts overtime law requires employers, such as Defendants, to pay overtime compensation to all non-exempt employees. M.G.L. c. 151, §§ 1A and 1B.

57. Defendants had a policy and practice of failing and refusing to pay proper overtime compensation to Plaintiffs and to the Massachusetts Rule 23 Class for all their overtime hours worked.

58.     Defendants' failure to pay wages earned and due to Plaintiffs and the Massachusetts Rule 23 Class, violated the Massachusetts overtime law.

59.     As a result of Defendants' unlawful practices, Plaintiffs and the Massachusetts Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, treble damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs requests that this Court enter the following relief:

1. Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) allowing other similarly situated employees to opt in to this action;

2. An award of minimum wage and overtime under the Fair Labor Standards Act, plus liquidated damages;

3. Certification of a class action for Plaintiffs' overtime and wage claims on behalf of all hair stylists who have worked for Defendants in Massachusetts, pursuant to Fed. R. Civ. P. 23;

4. An award of unpaid wages, minimum wage, and overtime pursuant to M.G.L. c. 149, § 148, M.G.L. c. 151, §§ 1, 1A, 1B, plus treble damages;

5. Attorneys' fees and costs;

6. Pre and post-judgment interest;

7. Such other relief as in law or equity may pertain.

## JURY DEMAND

Plaintiffs demand a trial by jury by all issues so triable.

        Respectfully submitted,

        ZSUZSY SANFORD and STEPHANIE JO TOBIN, individually and on behalf of all others similarly situated,

        By their attorneys,

        /s/ Shannon Liss-Riordan
        Shannon Liss-Riordan, BBO #640716
        Jill Kahn, BBO # 689794
        LICHTEN & LISS-RIORDAN, P.C.
        729 Boylston Street, Suite 2000
        Boston, MA 02116
        (617) 994 – 5800
        sliss@llrlaw.com, jkahn@llrlaw.com

January 23, 2018