UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ZSUZY SANFORD, AND STEPHANIE JO TOBIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) | |
| PLAINTIFFS, | ) ) ) | CIVIL ACTION NO. 1:18cv-10132-WGY |
| v. | ) ) ) | |
| CREATIVE HAIRDRESSERS, INC. D/B/A HAIR CUTTERY, AND RATNER COMPANIES, LLC, | ) ) ) ) | |
| DEFENDANTS. | ) ) | |

## ANSWER OF DEFENDANT CREATIVE HAIRDRESSERS, INC. D/B/A HAIR CUTTERY TO PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT

Defendant Creative Hairdressers, Inc., doing business as Hair Cuttery ("Creative Hairdressers"), through its attorneys, hereby files its Answer and Affirmative and Other Defenses to the Plaintiffs' Collective and Class Action Complaint ("Complaint") in accordance with the numbered Paragraphs as follows:

## I.     INTRODUCTION

1.      Creative Hairdressers admits that Plaintiffs purport to bring the action as alleged in Paragraph 1 of the Complaint.  Creative Hairdressers denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.      Creative Hairdressers admits that Plaintiffs purport to bring the action as alleged in Paragraph 2 of the Complaint.  The remaining allegations contained in Paragraph 2 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is necessary, Creative Hairdressers denies the allegations of Paragraph 2.

3.      Creative Hairdressers admits that Plaintiffs purport to bring the action as alleged in Paragraph 3 of the Complaint.  The remaining allegations contained in Paragraph 3 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is necessary, Creative Hairdressers denies the allegations of Paragraph 3.

## II.      JURISDICTION AND VENUE

4.      The allegations contained in Paragraph 4 of the Complaint set forth conclusions of law to which no responsive pleading is required.

5.      The allegations contained in Paragraph 5 of the Complaint set forth conclusions of law to which no responsive pleading is required.

6.      The allegations contained in Paragraph 6 of the Complaint set forth conclusions of law to which no responsive pleading is required.

## III.     THE PARTIES

7.      Creative Hairdressers admits that Plaintiff Sanford worked at Creative Hairdressers salons in Norwood and Mansfield from approximately April 2015 to December 2017.  Creative Hairdressers is without sufficient information to admit or deny that Plaintiff Sanford is an adult resident of Massachusetts.  Creative Hairdressers denies the remaining allegations of Paragraph 7 of the Complaint.

8.      Creative Hairdressers admits that Plaintiff Tobin worked at a Creative Hairdressers salon in Norwood from approximately October 2016 to August 2017.   Creative Hairdressers is without sufficient information to admit or deny that Plaintiff Tobin is an adult resident of Massachusetts.  Creative Hairdressers denies the remaining allegations of Paragraph 8 of the Complaint.

9.     Creative Hairdressers admits that it is a Virginia corporation with its principal corporate office in Virginia, and operates hair salons in Massachusetts and other states, doing business as Hair Cuttery.  Creative Hairdressers denies the remaining allegations of Paragraph 9 of the Complaint.

10.     Creative Hairdressers denies that Ratner Companies, L.C. is a Virginia corporation, but admits that it is a limited liability company with its principal office in Virginia. Creative Hairdressers denies the remaining allegations of Paragraph 10 of the Complaint.

## IV.     STATEMENT OF FACTS

11.     Creative Hairdressers admits that it operates hair salons in Massachusetts and other states, doing business as Hair Cuttery.   Creative Hairdressers denies the remaining allegations of Paragraph 11 of the Complaint.

12.     Creative Hairdressers denies the allegations of Paragraph 12 of the Complaint.

13.     Creative Hairdressers denies the allegations of Paragraph 13 of the Complaint and all subparagraphs.

14.     Creative Hairdressers denies the allegations of Paragraph 14 of the Complaint.

15.     Creative Hairdressers denies the allegations of Paragraph 15 of the Complaint.

16.     Creative Hairdressers denies the allegations of Paragraph 16 of the Complaint.

17.     Creative Hairdressers admits that Plaintiff Sanford worked at Creative Hairdressers salons in Norwood and Mansfield from approximately April 2015 to December 2017, and that Plaintiff Sanford was paid $9.00 an hour at the time she was hired.  Creative Hairdressers denies the remaining allegations of Paragraph 17 of the Complaint.

18.     Creative Hairdressers denies the allegations of Paragraph 18 of the Complaint.

19.     Creative Hairdressers denies the allegations of Paragraph 19 of the Complaint.

## V.     COLLECTIVE ACTION ALLEGATIONS

20.     Creative Hairdressers admits that Plaintiffs purport to bring the action as alleged in Paragraph 20 of the Complaint.  The remaining allegations contained in Paragraph 20 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is necessary, Creative Hairdressers denies the allegations of Paragraph 20.

21.     Creative Hairdressers denies the allegations of Paragraph 21 of the Complaint.

## VI.    MASSACHUSETTS CLASS ACTION ALLEGATIONS

22.     Creative Hairdressers admits that Plaintiffs purport to bring the action as alleged in Paragraph 22 of the Complaint.  The remaining allegations contained in Paragraph 22 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is necessary, Creative Hairdressers denies the allegations of Paragraph 22.

23.     Creative Hairdressers denies the allegations of Paragraph 23 of the Complaint.

24.     Creative Hairdressers denies the allegations of Paragraph 24 of the Complaint.

25.     Creative Hairdressers denies the allegations of Paragraph 25 of the Complaint.

26.     Creative Hairdressers denies the allegations of Paragraph 26 of the Complaint and all subparagraphs.

27.     Creative Hairdressers denies the allegations of Paragraph 27 of the Complaint.

28.     Creative Hairdressers denies the allegations of Paragraph 28 of the Complaint.

29.     Creative Hairdressers denies the allegations of Paragraph 29 of the Complaint.

## VII.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

30.    Creative Hairdressers is without sufficient information to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint and therefore denies them.

### COUNT ONE
### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA

31.    Creative Hairdressers repeats its responses to Paragraphs 1 through 30 of Plaintiffs' Complaint as if set forth fully herein.

32.    Creative Hairdressers admits that Plaintiffs purport to bring the action as alleged in Paragraph 32 of the Complaint.  The remaining allegations contained in Paragraph 32 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is necessary, Creative Hairdressers denies the allegations of Paragraph 32.

33.    The allegations contained in Paragraph 33 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is necessary, Creative Hairdressers denies the allegations of Paragraph 33.

34.    Creative Hairdressers denies the allegations of Paragraph 34 of the Complaint.

35.    Creative Hairdressers denies the allegations of Paragraph 35 of the Complaint.

### COUNT TWO
### FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

36.    Creative Hairdressers repeats its responses to Paragraphs 1 through 35 of Plaintiffs' Complaint as if set forth fully herein.

37.    Creative Hairdressers admits that Plaintiffs purport to bring the action as alleged in Paragraph 37 of the Complaint.  The remaining allegations contained in Paragraph 37 of the

Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is necessary, Creative Hairdressers denies the allegations of Paragraph 37.

38.     The allegations contained in Paragraph 38 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is necessary, Creative Hairdressers denies the allegations of Paragraph 38.

39.     Creative Hairdressers denies the allegations of Paragraph 39 of the Complaint.

40.     Creative Hairdressers denies the allegations of Paragraph 40 of the Complaint.

**COUNT THREE**
**FAILURE TO PAY WAGES FOR ALL HOURS WORKED IN VIOLATION OF**
**MASSACHUSETTS LAW**

41.     Creative Hairdressers repeats its responses to Paragraphs 1 through 40 of Plaintiffs' Complaint as if set forth fully herein.

42.     Creative Hairdressers admits that Plaintiffs purport to bring the action as alleged in Paragraph 42 of the Complaint.  The remaining allegations contained in Paragraph 42 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is necessary, Creative Hairdressers denies the allegations of Paragraph 42.

43.     The allegations contained in Paragraph 43 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is necessary, Creative Hairdressers denies the allegations of Paragraph 43.

44.     Creative Hairdressers denies the allegations of Paragraph 44 of the Complaint.

45.     Creative Hairdressers denies the allegations of Paragraph 45 of the Complaint.

46.     Creative Hairdressers denies the allegations of Paragraph 46 of the Complaint.

## COUNT FOUR
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF MASSACHUSETTS LAW

47.     Creative Hairdressers repeats its responses to Paragraphs 1 through 46 of Plaintiffs' Complaint as if set forth fully herein.

48.     Creative Hairdressers admits that Plaintiffs purport to bring the action as alleged in Paragraph 48 of the Complaint.  The remaining allegations contained in Paragraph 48 of the Complaint set forth conclusions of law to which no responsive pleading is required.  To the extent a response is necessary, Creative Hairdressers denies the allegations of Paragraph 48.

49.     The allegations contained in Paragraph 49 of the Complaint set forth conclusions of law to which no responsive pleading is required. To the extent a response is necessary, Creative Hairdressers denies the allegations of Paragraph 49.

50.     Creative Hairdressers denies the allegations of Paragraph 50 of the Complaint.

51.     Creative Hairdressers denies the allegations of Paragraph 51 of the Complaint.

52.     Creative Hairdressers denies the allegations of Paragraph 52 of the Complaint.

53.     Creative Hairdressers denies the allegations of Paragraph 53 of the Complaint.

## COUNT FIVE
## FAILURE TO PAY OVERTIME IN VIOLATION OF
## MASSACHUSETTS OVERTIME LAW

54.     Creative Hairdressers repeats its responses to Paragraphs 1 through 53 of Plaintiffs' Complaint as if set forth fully herein.

55.     Creative Hairdressers admits that Plaintiffs purport to bring the action as alleged in Paragraph 55 of the Complaint.  The remaining allegations contained in Paragraph 55 of the

Complaint set forth conclusions of law to which no responsive pleading is required. To the extent a response is necessary, Creative Hairdressers denies the allegations of Paragraph 55.

56.     The allegations contained in Paragraph 56 of the Complaint set forth conclusions of law to which no responsive pleading is required. To the extent a response is necessary, Creative Hairdressers denies the allegations of Paragraph 56.

57.     Creative Hairdressers denies the allegations of Paragraph 57 of the Complaint.

58.     Creative Hairdressers denies the allegations of Paragraph 58 of the Complaint.

59.     Creative Hairdressers denies the allegations of Paragraph 59 of the Complaint.

## DEMAND FOR RELIEF

Creative Hairdressers denies that Plaintiffs are entitled to any of the relief requested in the unnumbered Demand for Relief Paragraph and subparagraphs that follow it.

## DEMAND FOR JURY TRIAL

The allegations contained in the unnumbered Demand for Jury Trial Paragraph of Plaintiffs' Complaint set forth conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, Creative Hairdressers deny that Plaintiffs are entitled to a jury trial.

Creative Hairdressers denies each and every allegation, premise, or theory contained in the Complaint not specifically admitted herein to be true.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

To the extent the claims of the Plaintiffs, and/or any members of a putative collective /
class action, are based on alleged actions that occurred outside the applicable statutes of
limitations, such claims are barred.

### SECOND DEFENSE

The Complaint, in whole or in part, fails to state a claim on which relief may be granted.

### THIRD DEFENSE

At all times, Creative Hairdressers acted in good faith with respect to the Plaintiffs and/or
any members of a putative collective / class action.  Creative Hairdressers did not willfully
violate the FLSA and/or any analogous state laws.  Plaintiffs, and/or any members of a putative
collective / class action, therefore, are not entitled to liquidated damages.

### FOURTH DEFENSE

Creative Hairdressers' actions related to paying Plaintiffs, and/or any members of a
putative collective / class action, were and are in good faith and made in conformity with, and
reliance upon, the Administrator of the Wage and Hour Division of the U.S. Department of
Labor's administrative regulations, orders, rulings or interpretations; judicial interpretations of
federal and state law; Massachusetts Department of Labor and Workforce Development Orders,
opinion letters, rulings and/or interpretations; or any other similar applicable state law.

### FIFTH DEFENSE

Plaintiffs, and/or any members of a putative collective / class action,  are not entitled to
overtime compensation because they were, and are, exempt from the overtime provisions of the
Fair Labor Standards Act, the Massachusetts Minimum Fair Wages Act, and any other laws

and/or regulations, under one or more exemptions, or combination of exemptions, including but not limited to, the manager exemption, the administrative exemption, the executive exemption, the professional exemption, and/or as qualified trainees for such positions, and/or as highly compensated employees.

## SIXTH DEFENSE

Plaintiffs, and/or any members of a putative collective / class action, are not entitled to overtime compensation because they were, and are, exempt from the overtime provisions of the Fair Labor Standards Act under the inside sales exemption.

## SEVENTH DEFENSE

To the extent that Plaintiffs, and/or any members of a putative collective / class action, mitigated, minimized or avoided any damages allegedly sustained, any economic damages against Creative Hairdressers must be reduced by that amount.  In addition, to the extent that Plaintiffs and/or any members of a putative collective / class action failed to make reasonable efforts to mitigate, minimize or avoid any damages allegedly sustained, any economic damages against Creative Hairdressers must be barred.

## EIGHTH DEFENSE

The claims for equitable relief by Plaintiffs and/or any members of a putative collective / class action are barred by the doctrines of waiver, unclean hands, estoppel, accord and satisfaction, and/or laches.

## NINTH DEFENSE

Plaintiffs, and/or any members of a putative collective / class action, are not entitled to equitable relief insofar as they have an adequate remedy at law.

**TENTH DEFENSE**

Plaintiffs, and/or any members of a putative collective / class action, have been timely paid and/or received all wages due to them by virtue of their employment with Creative Hairdressers.

**ELEVENTH DEFENSE**

The injuries alleged in the Complaint were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Creative Hairdressers.

**TWELFTH DEFENSE**

Creative Hairdressers is not liable to the extent that any of its individual employees or agents acted outside the course and scope of his or her employment.

**THIRTEENTH DEFENSE**

If Plaintiffs, and/or any members of a putative collective / class action, are entitled to recover additional compensation on behalf of themselves and/or others, Creative Hairdressers has not willfully or intentionally failed to pay such additional compensation, and as such, liquidated damages should not be awarded.  Accordingly, only a two-year statute of limitations should apply under the Fair Labor Standards Act.

**FOURTEENTH DEFENSE**

Creative Hairdressers has not willfully failed to pay Plaintiffs, and/or any members of a putative collective / class action, any wages, and there is a bona fide, good faith dispute with respect to Creative Hairdressers' obligation to pay any wages that may be found to be due.

**FIFTEENTH DEFENSE**

Plaintiffs do not, and cannot, fairly and adequately represent the interests of the purported class / collective.

## SIXTEENTH DEFENSE

To the extent liability, affirmative defenses, and damages, if any, as to each member of a putative class or collective action are not determined by a single jury or are determined on a group-wide basis, permitting this action to proceed as a collective action violates Creative Hairdressers' due process rights under the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and/or comparable provisions under state constitutions.

## SEVENTEENTH DEFENSE

Plaintiffs, and the putative collective action and class action members they seek to represent, are not entitled to conditional or final collective or class certification, or to Court-facilitated notice, because in order to ascertain who is in the class, both a liability and damages determination must be made for each individual putative class / collective member.

## EIGHTEENTH DEFENSE

Plaintiffs, and/or any members of a putative collective / class action, have failed to allege sufficient facts to state a claim upon which liquidated damages may be awarded.

## NINETEENTH DEFENSE

Plaintiffs' Rule 23 class claims are incompatible with their Rule 216(b) collective action claims.  Accordingly, this Court should dismiss Plaintiffs' Rule 23 class allegations with prejudice and allow Plaintiffs to assert their wage and hour claim(s) under state law on an individual basis in this action.

## TWENTIETH DEFENSE

Any alleged violations of the FLSA were not willful and, therefore, any claims for pay by Plaintiffs, and/or any members of a putative collective / class action, that occurred more than two

years prior to the date Plaintiffs filed the Complaint or the date any person opt-ins to this civil

action, are barred by the two-year statute of limitations provided in 29 U.S.C. § 255.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims, and/or the claims of any members of a putative collective / class action,

are barred in whole or in part because any acts or omissions giving rise to this action were done

in good faith and with reasonable grounds for believing that the actions or omissions were not a

violation of applicable law.

## TWENTY-SECOND DEFENSE

Plaintiffs and/or putative class members have no right to a jury trial as to some or all of

their claims.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims, and/or the claims of any members of a putative collective / class action,

are barred to the extent they failed to exhaust the administrative remedies and/or prerequisites

applicable to their claims.

## TWENTY-FOURTH DEFENSE

To the extent that discovery reveals that Plaintiffs and/or any members of a putative

collective / class action falsely or insufficiently reported their hours, the doctrine of estoppel

and/or after-acquired evidence bars the claims asserted in whole or in part.

## TWENTY-FIFTH DEFENSE

The claims of Plaintiffs and/or the putative class members are barred because they timely

received all amounts owed, including compensation for alleged overtime worked.

## TWENTY-SIXTH DEFENSE

Any claims by Plaintiffs and/or the putative class members for unpaid wages and/or overtime fail to the extent the time for which they seek compensation does not constitute compensable time under applicable law.

## TWENTY-SEVENTH DEFENSE

The activities that Plaintiffs, and/or any members of a putative collective / class action, seek recovery for in this action are *de minimis* in nature such that compensation is not required under the applicable law.

## TWENTY-EIGHTH DEFENSE

Plaintiffs never received less than the applicable minimum wage for every hour worked during their employment and therefore have no claim for unpaid minimum wage under the Massachusetts Minimum Fair Wages Act or the Fair Labor Standards Act; as such, they are not proper representative plaintiffs, and the claims under the Massachusetts Minimum Fair Wages Act and/or the Fair Labor Standards Act for unpaid minimum wages must be dismissed.

## TWENTY-NINTH DEFENSE

Plaintiff Tobin never worked more than forty hours in any given workweek and therefore she has no claim for overtime under either the Massachusetts Minimum Fair Wages Act or the Fair Labor Standards Act, and is not a proper representative plaintiff for any class / collective seeking alleged unpaid overtime, and her claims must be dismissed.

## THIRTIETH DEFENSE

Plaintiffs' claims, and/or the claims of any members of a putative collective / class action, are barred in whole or in part because Creative Hairdressers has a clearly communicated policy prohibiting improper pay practices that provided a mechanism to complain or report improper

pay practices, and they failed to take advantage of such complaint mechanisms to report any of the acts or omissions alleged in the Complaint.

## THIRTY-FIRST DEFENSE

The imposition of punitive, liquidated, exemplary and/or treble damages would constitute an arbitrary or irrational deprivation of property and would be constitutionally impermissible.

## THIRTY-SECOND DEFENSE

Plaintiffs' claims, and/or the claims of any members of a putative collective / class action, are barred, in whole or in part, as to all hours during which they were engaged in activities which were preliminary or postliminary to their principal activities or incidental to them.

## THIRTY-THIRD DEFENSE

Plaintiffs, and/or any members of a putative collective action, are not entitled to statutory interest on liquidated or multiple damages.

## THIRTY-FOURTH DEFENSE

Creative Hairdressers does not owe wages to Plaintiffs, and/or any members of a putative collective action, to the extent those wages were subject to attachment, trustee process, a valid assignment thereof, or a valid set-off against the same.

## THIRTY-FIFTH DEFENSE

Any recovery should be offset by sums owed by Plaintiffs, and/or by any members of a putative collective action, to Creative Hairdressers.

## THIRTY-SIXTH DEFENSE

The claims of Plaintiffs, and/or the claims of any members of a putative collective / class action, are barred in whole or in part as to all hours they allegedly worked that Creative

Hairdressers did not suffer or permit them to work and/or of which Creative Hairdressers lacked actual or constructive knowledge.

## THIRTY-SEVENTH DEFENSE

Plaintiffs, and/or any members of a putative collective action, are not entitled to attorneys' fees or costs.

## THIRTY-EIGHTH DEFENSE

Creative Hairdressers opposes class certification and disputes the propriety of class treatment.  If the Court certifies a class in this case over Creative Hairdressers' objections, then Creative Hairdressers asserts the affirmative and other defenses set forth herein against each and every member of the certified class.

Creative Hairdressers hereby gives notice that it intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserves the right to amend this Answer and assert such defenses.

WHEREFORE, Creative Hairdressers requests that this Court dismiss the Complaint with prejudice; that it enter judgment in Creative Hairdressers' favor and against Plaintiffs on all counts; that it deny Plaintiffs' request to proceed as a collective and/or class action; and that this Court award Creative Hairdressers its costs and attorneys' fees incurred in defending this action and such other relief as it deems appropriate.

Respectfully submitted,

CREATIVE HAIRDRESSERS, INC. D/B/A
HAIR CUTTERY,

By its attorneys,


*/s/ Stephen T. Melnick*
Stephen T. Melnick (BBO #667323)
Melissa L. McDonagh (BBO #569023)
**LITTLER MENDELSON, P.C.**
One International Place
Suite 2700
Boston, MA  02110
Phone 617.378.6000
Fax 617.737.0052
smelnick@littler.com

March 7, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2018, a true and accurate copy of this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and sent via first class mail to unregistered participants.

*/s/ Stephen T. Melnick*

Firmwide:152871916.2 096804.1001