# EXHIBIT B

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is hereby entered into by and between Stephanie Jo Tobin ("Ms. Tobin") on the one hand, and Creative Hairdressers, Inc. d/b/a Hair Cuttery ("CHI") and Ratner Companies, L.C. ("Ratner") on the other hand, for good and valuable consideration.  (CHI and Ratner are collectively referred to as "Defendants," and Defendants and Ms. Tobin are herein collectively referred to as the "Parties.")  This Agreement shall be effective the date that all of the conditions of the first sentence of Section 3 have been satisfied.

WHEREAS, Ms. Tobin is party to a lawsuit currently pending in the United States District Court for the District of Massachusetts (the "Court") entitled *Zsuzy Sanford et al. v. Creative Hairdressers, Inc. et al.*, No. 18-cv-10132, in which Ms. Tobin alleges violations of the Fair Labor Standards Act, the Massachusetts Payment of Wages Act, and the Massachusetts Minimum Fair Wages Act, as a putative class/collective action (the "Action");

WHEREAS, Defendants deny and continue to deny that they are liable to Ms. Tobin, that any amounts are owed to Ms. Tobin, that they engaged in any form of wrongful or unlawful conduct with respect to Ms. Tobin, or that any class/collective action could be maintained in the Action;

WHEREAS, the Parties have agreed that it is in their mutual interest, in order to avoid further costs of litigation, to resolve fully and finally all of their disputes, including the claims and allegations concerning, relating to, or arising out of the Action, or Ms. Tobin's employment with Defendants, upon the terms and conditions more fully set forth hereinafter;

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Non-Admission of Liability.**  Ms. Tobin agrees that Defendants enter into this Agreement solely for the purpose of avoiding the burdens and expenses of further litigation.  This Agreement shall not in any way be construed as an admission by Defendants of any liability or any act of wrongdoing whatsoever against Ms. Tobin or any other individual.  Defendants specifically disclaim any liability or wrongdoing whatsoever against Ms. Tobin or any other individual.

2. **Court Approval and Dismissal of the Action.**

    a. This Settlement Agreement will be submitted to the Court for approval in a public filing.

    b. After the expiration of the seven (7) day revocation period described below, without Ms. Tobin having exercised any such revocation, Ms. Tobin (by her counsel) will execute and deliver to Defendants' counsel a Joint Stipulation and/or Motion for Dismissal of the Action with prejudice in form and content satisfactory to Defendants and their counsel.  Ms. Tobin agrees to take any and all steps necessary to dismiss her claims in the Action with prejudice, and hereby agrees to join in publicly filed motions seeking approval of this settlement.  Ms. Tobin and her counsel specifically agree to

        cooperate with Defendants and their counsel in obtaining court approval of the settlement under the Fair Labor Standards Act and as may be required under any other applicable law. In all communications with the Court, Ms. Tobin and her counsel will affirmatively express their support of the settlement and ask that it be approved, and will confirm that the amount and other terms of the settlement are fair and reasonable.

    c.    Ms. Tobin further agrees that she will not seek to prosecute any motions pending in the Action, and will request that the Court place any pending motions in abeyance until the Court can rule on a Joint Stipulation and/or Motion for Dismissal.

    d.    The dismissal of Ms. Tobin's claims in the Action with prejudice, including but not limited to her claims under the Fair Labor Standards Act, is an essential condition to Defendants' obligations under this Agreement. If for any reason the Court declines to dismiss any or all of Ms. Tobin's claims in the Action with prejudice, including but not limited to her claims under the Fair Labor Standards Act, Defendants may declare this settlement null and void, and Defendants will have no further obligations under this Agreement.

3.    **Settlement Benefits.**  Within fourteen (14) days after and only after (1) Ms. Tobin has provided an executed form of this Agreement, (2) Ms. Tobin and her counsel complete, sign and provide the appropriate IRS W-4 and W-9 forms, (3) the expiration of the seven (7) day revocation period described below, without Ms. Tobin having exercised any such revocation, and (4) the Court has approved this settlement and dismissed the Action, as set forth in Section 2(b), Defendants will provide payments totaling Seven Thousand Five Hundred Dollars and No Cents ($7,500.00).  Payment of this amount shall be issued as follows:

    a.    A check for two thousand five hundred dollars and no cents ($2,500.00), less applicable taxes and withholdings, made payable to Stephanie Jo Tobin, which is intended to compensate Ms. Tobin for wage-based damages;

    b.    A check for two thousand five hundred dollars and no cents ($2,500.00), made payable to Stephanie Jo Tobin, which is intended to compensate Ms. Tobin for liquidated damages; and

    c.    A check for two thousand five hundred dollars and no cents ($2,500.00), made payable to Lichten & Liss-Riordan PC, which is intended to compensate for attorneys' fees and costs.

4.    **Tax Treatment.**  The benefits and payments set forth in Section 3(a) shall be reported to federal and state taxing authorities on Form W-2, and the benefits and payments set forth in Sections 3(b) and 3(c) shall be reported to federal and state taxing authorities on Form 1099.  Ms. Tobin and Defendants agree that the amounts set forth herein shall not affect the scope of the general release of claims by Ms. Tobin in Section 5.  Nothing in this Agreement shall be construed to require Defendants to make any payments to compensate Ms. Tobin for any adverse tax effect associated with any payments or benefits or for any deduction or withholding from any payment or benefit.  The allocation and characterization of the payments set forth herein do not in

2

any way affect Ms. Tobin's independent obligation and primary responsibility to determine and make proper judgments regarding the payment of taxes under applicable law.

5. **General Release of Claims.**  In exchange for the benefits and promises contained herein, to which Ms. Tobin would not be entitled absent execution of this Agreement, Ms. Tobin, for herself, her representatives, heirs, assigns, and/or any other person or entity claiming by, through or under her (collectively, the "Releasors") agrees to release, waive, acquit and forever discharge CHI, Ratner, and their respective divisions, subsidiaries, Affiliates, insurers, related companies, parents, predecessors, and successors, and each of their respective shareholders, owners, principals, directors, officers, agents, servants, managers, members, partners, insurers, employees and attorneys, past or present, (collectively, the "Releasees") from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs), of any nature whatsoever, known or unknown ("Claim" or "Claims"), that the Releasors now have, own, or hold, or claim to have, own, or hold, or that the Releasors at any time had, owned, or held, or claimed to have had, owned, or held against each or any of the Releasees. This release shall include, without implication of limitation, express or implied, all Claims made or that could or should have been made in connection with the Action; all Claims of defamation or damage to reputation; all Claims of breach of express or implied contract; all Claims for restitution; all Claims of wrongful termination whether in contract or tort; all Claims of constructive discharge; all Claims of intentional, reckless, or negligent infliction of emotional distress; all Claims of discrimination or retaliation or other claims under any federal, state or local statute or ordinance, including without limitation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., the Equal Pay Act, 29 U.S.C. § 206, the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.*, the Massachusetts Fair Employment Practices Act, M.G.L. c. 151B, §1 *et seq.*, the Massachusetts Civil Rights Act, M.G.L. c. 12, §§11H and 11I, the Massachusetts Equal Rights Act, M.G.L. c. 93, §102 and M.G.L. c. 214, §1C, the Massachusetts Equal Pay Act, M.G.L. c. 149 § 105A, the Massachusetts Labor and Industries Act, M.G.L. c. 149, § 1 *et seq.*, the Massachusetts Privacy Act, M.G.L. c. 214, §1B, the Massachusetts Independent Contractor statute, M.G.L. c. 149, § 148B, the Massachusetts Wage Act, M.G.L. c. 149, § 148, the Massachusetts Minimum Fair Wages law, M.G.L. c. 151, the Massachusetts Earned Sick Time Law, M.G.L. c. Chapter 149 § 148C, the Massachusetts Domestic Violence Leave Act M.G.L. c. 149 § 52E); all Claims for reinstatement; all Claims of misclassification; all Claims for exemplary, liquidated, multiple and/or punitive damages; all Claims for wages, bonuses, tips, commissions, expenses, deductions, paid time off, benefits, leaves of absence, vacation pay, severance, overtime, back or front pay or all other forms of compensation; all claims for breach of fiduciary duty and negligent misrepresentation; and all Claims for attorneys' fees and costs.  This release does not include any claim which, as a matter of law, cannot be released by private agreement such as claims for unemployment compensation and workers compensation.

"Affiliates" means all persons and entities directly or indirectly controlling, controlled by or under common control with CHI and/or Ratner, where control may be by management authority, contract, equity interest or otherwise.

6. **Affirmations.**  Once Defendants issue payment to Ms. Tobin pursuant to Section 3 of this Agreement, Ms. Tobin affirms that she has been paid and/or has received all compensation, wages, bonuses, commissions and/or expense reimbursements to which she may be entitled and

3

that no compensation, wages, bonuses, commissions and/or expense reimbursements are due to her, beyond those set forth herein.  Ms. Tobin affirms that, by virtue of Defendants' promises and payments set forth in this Agreement, she has received fair economic value for any and all potential claims or causes of action she may have against the Releasees, and that she is not entitled to any other damages or relief.  Further, Ms. Tobin affirms that she is not aware of any unreported workplace injuries and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act, or any other workplace leave statute. Ms. Tobin further affirms that she is not aware of any unreported instances of fraud or impropriety on the part of the Releasees.

7. **Other Actions and Covenant Not to Sue.**  Ms. Tobin represents and warrants that she has not commenced, maintained, prosecuted or participated in any action, suit, charge, grievance, complaint or proceeding of any kind against the Releasees, in any court or before any administrative or investigative body or agency (other than the Action described above).  Ms. Tobin further represents and warrants that she shall not further prosecute the Action, and will not cause or authorize suit against the Releasees for any matter that was, or might have been, included in any of the Claims listed above, and shall not encourage any other person to file suit against the Releasees. Ms. Tobin further agrees not to participate in any other action, suit, charge, grievance, complaint or proceeding against the Releasees, whether on a class, collective, or representative basis, or otherwise.

8. **Confidentiality**.

    a. Ms. Tobin acknowledges that this Agreement, its terms, and all negotiations and discussions that led to the formation of this Agreement, are strictly confidential, and that such confidentiality was a critical consideration in entering into this Agreement.  Other than as is necessary to effectuate Section 2, Ms. Tobin, whether directly or indirectly, whether personally or through other persons or entities, will not disclose to any third party or publicize in any way this Agreement, or its terms, or the fact that a large or small monetary amount, or any monetary amount at all, is included in the settlement, except to her spouse, her accountant, professional tax advisor or attorney (provided he or she agrees to be bound by the terms of this Section), or as required by law or legal process.  Except for the above-listed individuals, in response to any inquiries, Ms. Tobin will state that "the matter has been resolved" only, and nothing more.

    b. Ms. Tobin further agrees not to waive the attorney-client privilege regarding any allegations of wrongdoing that she may have against Defendants; or this Agreement or any of its terms or provisions; or any of the negotiations and discussions that led to the formation of this Agreement, nor shall Ms. Tobin solicit other individuals to contact Ms. Tobin's counsel or other attorneys to seek relief against the Releasees in connection with any claim in the Action or based on the same or similar facts or theories as those alleged in the Action.

    c. Ms. Tobin acknowledges that any breach of Section 8 shall constitute a material breach of this Agreement as to which Defendants may seek all

4

relief available under the law.  Defendants shall be entitled to an injunction or other equitable relief to prevent such breach.  If a breach is proven in a legal proceeding, Defendants shall also be entitled to reasonable attorney's fees incurred in the prosecution of any civil action or other legal proceedings arising from the breach of these provisions.

9. **No Assignment of Claims to Third-Parties.**  Ms. Tobin represents that she has not heretofore assigned or transferred, or purported to assign or transfer to any person or organization, any Claim released herein, or any part or portion thereof, and she agrees to indemnify and hold harmless the Releasees from and against any claim, demand, damage, debt, liability, account, reckoning, obligation, cost, expense (including payment of attorneys' fees and costs actually incurred, whether or not litigation is commenced), lien, action, and cause of action, based on, in connection with, or arising out of any such assignment or transfer, or purported assignment or transfer.

10. **No Reliance.**  Each of the Parties represents and acknowledges that in executing this Agreement, it/she does not rely and has not relied upon any representation or statement made by any other of the Parties or by any other of the Parties' agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement, other than the promises and representations made in this Agreement.

11. **Governing Law, Jurisdiction and Venue.**  This Agreement shall be deemed to be made and entered into in the Commonwealth of Massachusetts, and shall in all respects be interpreted, enforced and governed under the laws of said Commonwealth, without giving effect to any conflict of laws principles.  For purposes of any action to enforce, or for a breach of, this Agreement, the parties irrevocably consent to the jurisdiction of the state and federal courts of Massachusetts.

12. **Binding Nature of Agreement.**  This Agreement shall be binding upon each of the Parties and upon the heirs, administrators, representatives, executors, successors and assigns of each of them, and shall inure to the benefit of each party and to the heirs, administrators, representatives, executors, successors, and assigns of each of them.

13. **Entire Agreement.** This Agreement is intended by the Parties as a final expression of their agreement and as a complete and exclusive expression of its terms.  This Agreement, which shall be deemed to be a contract under seal, shall supersede all prior discussions, promises, representations or understandings, oral and written, among the parties in connection with the subject matter hereof; provided, that nothing in this Agreement shall modify, alter, cancel or supersede any confidentiality obligations Ms. Tobin may owe Defendants, all of which shall survive the execution of this Agreement, and are incorporated herein by reference.

14. **Cooperative Drafting and Construction.**  The language of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, it being agreed that all Parties (including by and through their respective attorneys) have participated in the preparation of all provisions of this Agreement.  Thus, this Agreement shall not be construed against any Party on the basis that such Party was the drafter.

15. **Severability.**  In the event that any one or more of the provisions of this Agreement is held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions will not be affected or impaired thereby. This Agreement shall survive the performance of the specific arrangements contained herein.

16. **Modification.**  This Agreement may be amended, revoked, changed, or modified only upon a written agreement executed by all Parties.  No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the Party against whom such waiver is charged.

17. **Costs.**  Each Party hereto will bear her or its own costs, expenses and attorney's fees, whether taxable or otherwise, incurred or arising out of or in any way related to the Action, this Agreement or the circumstances underlying either.

18. **Breach.**  Ms. Tobin understands and agrees that she would not receive the monies and/or benefits specified in this Agreement, except for her execution of this Agreement and the fulfillment of the promises and representations contained herein.  In the event that Ms. Tobin, or any agent or attorney of hers, breaches any part of this Agreement or rejects this Agreement, Defendants shall be entitled to pursue recovery of such payments made hereunder, as well as seek injunctive relief without bond to restrain such breach or threatened breach.

19. **Attorneys' Fees.**  In any litigation, or other proceeding by which one party either seeks to enforce its rights under this Agreement as a result of a breach or seeks a declaration of any rights or obligations under this Agreement, the prevailing party shall be awarded its reasonable attorney's fees, and costs and expenses incurred.

20. **Counterparts.**  This Agreement may be executed and delivered (a) in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument, and/or (b) by facsimile and/or electronically, in which case the instrument so executed and delivered shall be binding and effective for all purposes.

21. **Notification Under the Older Workers Benefit Protection Act.**  ADDITIONALLY, THIS AGREEMENT SPECIFICALLY WAIVES ALL OF MS. TOBIN'S RIGHTS AND CLAIMS ARISING UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 (29 U.S.C. § 621 et seq.), AS AMENDED, AND THE OLDER WORKERS' BENEFIT PROTECTION ACT, AS AMENDED, IF ANY.

In connection with this waiver, Ms. Tobin acknowledges and agrees to the following:

   a. Ms. Tobin is not waiving any rights or claims under the Age Discrimination in Employment Act of 1967, as amended, which may arise after this Agreement is executed.

   b. Ms. Tobin can waive rights or claims under the Age Discrimination in Employment Act only in exchange for consideration that is in addition to anything of value to which Ms. Tobin is already entitled, and that the consideration she will receive pursuant to this Agreement exceeds anything of value to which Ms. Tobin is or was entitled.

6

    c.    Defendants encourage Ms. Tobin to consult with counsel prior to execution of this Agreement.  Ms. Tobin acknowledges that she has had ample opportunity to consult with her counsel prior to her execution of this Agreement, was encouraged and advised in writing to do so by Defendants and has done so.

    d.    Ms. Tobin further understands that she may consider her decision for 21 days before signing this Agreement.  The Parties agree, however, that any changes to the terms or conditions of this Agreement (whether material or immaterial) will not restart the running of the 21-day period.

    e.    Ms. Tobin further understands that she may revoke this Agreement at any time within seven (7) days after she signs it, and that this Agreement shall not become effective or enforceable until the seven (7) day revocation period has expired.  If Ms. Tobin wishes to revoke this Agreement during the seven (7) day period after signing it, she will do so by sending notice of same to the attention of Stephen Melnick, Esq. by fax or certified mail, return receipt requested, at Littler Mendelson, One International Place, Suite 2700, Boston, Massachusetts 02110, facsimile number (617) 737-0052.

    f.    If Ms. Tobin signs this Agreement and Release prior to the end of the 21-day time period, she certifies that she knowingly and voluntarily decided to sign the Agreement after considering it for less than 21 days and her decision to do so was not induced by Releasees through fraud, misrepresentation, or a threat to withdraw or alter the offer prior to the expiration of the 21-day time period.

    g.    Ms. Tobin has carefully read and fully understands all of the provisions and effects of this Agreement and she knowingly and voluntarily entered into all of the terms set forth in this Agreement.

    h.    Ms. Tobin knowingly and voluntarily intends to be legally bound by all of the terms set forth in this Agreement.

    i.    Ms. Tobin relied solely and completely upon her own judgment and the advice of her attorney in entering into this Agreement.

    j.    Ms. Tobin is, through this Agreement, releasing the Releasees from any and all claims she may have against the Releasees, relating to her work and separation, including claims arising under the Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621, et. seq.).

22.    **No Interference with Rights**.  Ms. Tobin understands, agrees and acknowledges that nothing in this Agreement, including but not limited to Sections 5 (General Release of Claims), 7 (Other Actions and Covenant Not to Sue), and 8 (Confidentiality), prohibits or bars her from reporting possible violations of any law or regulation, providing truthful testimony in any legal proceeding, or from cooperating with, making truthful disclosures to, providing documents or other information to, or filing a charge with any governmental authority (including, without

7

limitation, the United States Equal Employment Opportunity Commission, the Securities and Exchange Commission, the Occupational Safety and Health Administration of the Department of Labor, and the National Labor Relations Board), or from exercising her rights under Section 7 of the National Labor Relations Act to engage in protected, concerted activity. Notwithstanding the foregoing, with respect to any claim that cannot be released by private agreement and/or with respect to any charge filed with any governmental authority, Ms. Tobin agrees to release and waive her right (if any) to any individual monetary damages or other individual recovery (including, without limitation, attorneys' fees) as to such claims, including any claims brought on her behalf, either individually or as part of a collective action, by any governmental agency or other third party, except where such a waiver of individual relief is prohibited by law, and except for any right she may have to receive a payment directly from a government agency (and not from Defendants) for information provided to the government agency.

PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND RELEASE HAVE IMPORTANT LEGAL CONSEQUENCES.

**IN WITNESS WHEREOF**, the Parties have each executed this Agreement, signed as a sealed instrument, as of the last date written below.

_____
STEPHANIE JO TOBIN

Dated: _____, 2018

CREATIVE HAIRDRESSERS, INC.

By:_____

Title:_____

Dated: _____, 2018


RATNER COMPANIES, L.C.
By: Creative Hairdressers, Inc., Manager

By:_____

Title:_____

Dated: _____, 2018

8

limitation, the United States Equal Employment Opportunity Commission, the Securities and Exchange Commission, the Occupational Safety and Health Administration of the Department of Labor, and the National Labor Relations Board), or from exercising her rights under Section 7 of the National Labor Relations Act to engage in protected, concerted activity. Notwithstanding the foregoing, with respect to any claim that cannot be released by private agreement and/or with respect to any charge filed with any governmental authority, Ms. Tobin agrees to release and waive her right (if any) to any individual monetary damages or other individual recovery (including, without limitation, attorneys' fees) as to such claims, including any claims brought on her behalf, either individually or as part of a collective action, by any governmental agency or other third party, except where such a waiver of individual relief is prohibited by law, and except for any right she may have to receive a payment directly from a government agency (and not from Defendants) for information provided to the government agency.

PLEASE READ CAREFULLY.  THIS SETTLEMENT AGREEMENT AND RELEASE HAVE IMPORTANT LEGAL CONSEQUENCES.

**IN WITNESS WHEREOF**, the Parties have each executed this Agreement, signed as a sealed instrument, as of the last date written below.

_____
STEPHANIE JO TOBIN

Dated: _____, 2018

CREATIVE HAIRDRESSERS, INC.

By: _____Bruce Gu_____

Title: _____V.P._____

Dated: ____4-25____, 2018    BH 4-25-18

RATNER COMPANIES, L.C.
By: Creative Hairdressers, Inc., Manager

By: _____Bruce Gu_____

Title: _____V.P._____

Dated: ____4-25____, 2018    BH 4-25-18

8